IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
PECOS DIVISION

**FILED**
JAN 2 0 2016
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY

JOSE LUIS ORONA-CASTILLO,
    Petitioner,

CASE NO. 11:civ-68
4:04-cr-170-1

v.

UNITED STATES OF AMERICA,
    Respondent.
_____/

## MOTION UNDER FED. R. CIV. P. 26(b)(1) FOR PRODUCTION /DISCOVERY OF ALL PRE-TRIAL REDACTED PRESENTENCE INVESTIGATION REPORTS

    **COMES NOW,** the Petitioner, Josel Luis Orona-Castillo, by and through Pro se, who respectfully moves this Honorable District Court to issue an order directing the Probations Office for the Western District of Texas, Pecos Division, to provide Petitioner Orona, through his Case Manager, with a copy of all and/or any presentence investigation reports that were redacted and completed prior to trial and that are not part of the record. Such requested Presentence Investigation Reports should have been prepared prior to trial and contemporaneously with the Government's plea offer to Petitioner Orona. If the foregoing is granted, such documents should be sent to Mrs. Valencia, Unit VP-B Case Manager, Federal Correctional Institution II, P.O Box 5010, Oakdale, LA 71463.

    In support of the foregoing motion Petitioner Orona further submits as follows:

## BACKGROUND

On August 19, 2004, Petitioner Orona Castillo (hereinafter "Petitioner") was convicted in the United States Western District of Texas, by jury trial, of four counts of adding and abetting and possession with intent to distribute marijuana, in violation of 21, U.S.C., § 841(a)(1) and 18, U.S.C., § 2. In addition, Petitioner was also convicted of the use of a minor in the comission of the offense under 21, U.S.C., § 861(a)(1). (Dkt. # 52). On March 15, 2006, the United States District Judge Honorable Robert Junell sentenced Petitioner to 300 months for each count to be served concurrently. On March 3, 2009, Petitioner filed his first and original motion to vacate sentence under 28, U.S.C., § 2255. (Dkt. # 62). On May 26, 2010, the District Judge ordered an Evidentiary Hearing, (Dkt. # 75), and on August 25, 2010, the district court issued an order regarding the Petitioner's § 2255 motion. On May 31, 2011, the USCA affirmed the district court and the direct appeal was terminated. (Dkt. # 90). In Julay 05, 2011, Petitioner filed with the district court his next motion under § 2255 (Civ. 11-68) and on February 07, 2013, the District Judge granted an evidentiary hearing and also appointed counsel to represent Petitioner. (Dkt. # 112). On May 01, 2013, an Evidentiary Hearing took place before the Honorable Rober Junell (Dkt. # 121) and continued on May 09, 2013 (Dkt. # 126). On June 07, 2013, the District Judge denied Petitioner's § 2255 motion to vacate. On March 31, 2014, Petitioner filed with the district court a Motion for Relief from Judgment under Fed. R. Civ. P. 60(b) (Dkt. # 136) and on September 25, 2014, the district court denied relief. On April 23, 2015, the Court of Appeals for the Fifth Circuit Affirmed. (Please see Appx's "A", "B", and "C").

## ARGUMENT AND AUTHORITIES

"Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that '[p]arties may obtain discovery regarding any non-priviliged matter that is relevant to any party's cliam or defense.' To be relevant, 'information need not be admissible at trial if if the discovery appears reasonably calculated to lead to the discvoery of admissible evidence.' **Fed. R. Civ. P. 26(b)(1)**. The scope of discovery is not without limits, however, and the court may protect a party from responding to discovery when: (i) it is unreasonably cumulative or duplicative, or obtainable from some other less-burdensome source; (ii) the party seeking discosovery has had the opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1).

In this Petitioner's case, Petitioner is currently in the process of filing a motion to the United States Court of Appeals for the Fifth Circuit, under 28 U.S.C. § 2244, requesting authorization to file in the district court a second or successive § 2255 motion to vacate sentence. Petitioner's argument in support of his request to the Court of Appeals is that during the Evidentiary Hearing held on May 01, 2013 and that continued on June 07, 2013 (Dkt. # 121; 126) it became apparent that prior to trial the government would have offered a plea agreement to Petitioner through his then defense attorney H. Davidson Smith; Mr. Davidson Smith, however, failed to disclos such offer to Petitioner. (See please Motion to Court of Appeals attached). Petitioner's contention hereon is that contemporaneously with the government's plea offer a presentence investigation report should have been redacted. Such document would in turn prove and suatain the Petititoner was deprived of effective assistance of counsel for he received a sentence, after trial, that is considerably greater than the one he could have received if he had been notified of the government's offer, which, unquestionably, he would have accepted. Such information in relation to the plea offer only surfaced during the evidentiary hearing and therefore was not

3.

avaliable at the time of the Petitioner's original filing of his § 2255 motion. And, because, this information was discovered after the fact, it constitutes "newly dicovered evidence" within the meaning of 18 U.S.C. § 2244(b)(3)(c).

## CONCLUSION

Petitioner asserts and humbly submits he should be allowed and authorized by this Honorable Court to obtain, through his Case Manager Mrs. Valencia, copies of all existing pre-trial presentence investigation reports that were redacted contemporaneously with the government's plea offer. "...[d]iscovery requests are relevant when they seek admissible evidence or evidence that is 'reasonably calculated to lead tot he discovery of admissible evidence.'" Wiwa, 392 F.3d at 820 (quoting Wehling v. Columbia Borad. Sys., 608 F.2d 1084, 1086 (5th Cir. 1979); Mcleod, Alexander, Powel & Apffel, P.C. v. Quarles, 894 F.2d 1482, 1884 (5th Cir. 1990)).

Respectfully submitted this _____ of January 2016.

Jose Luis Orona-Castillo
Reg. No. 79941-080, Unit VP-B
Federal Correctional Institution II
P.O. Box 5010
Oakdale, LA 71463

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that an original copy of the foregoing motion has been furnished to the United States Attorney's Office at:

AUSA James J. Miller, Jr., 2500 N. Highway 118, Suite A-200
Alpine, Texas 79830

by depositing same in the institution's legal mail system with enough pre-paid postage for its delivery through the U.S. Mail Service on this _____ day of January of 2016.

*Jose Luis Orona Castillo*
Jose Luis Orona Castillo
Reg. No. 79941-080, Unit VP-B
Federal Correctional Institution II
P.O. Box 5010
Oakdale, LA 71463